UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIUS ROBINSON, )<br>)<br>    Plaintiff )<br>)<br>v.            ) Civil Action No. 07-02145(RWR)<br>)<br>MICHAEL B. MUKASEY, et al., )<br>)<br>    Defendants. )<br>) | |

**THE PARTIES' RESPONSE TO THE COURT'S JUNE 2, 2008
MINUTE ORDER**

On June 2, 2008, this Court ordered the parties to supplement their prior response to the Court's February 19, 2008 minute order in light of the show cause order issued in Roane, et al. v. Mukasey, et al., Civil Action No. 05-2337 (RWR) (D.D.C.) indicating that should this case be consolidated with Roane, only limited, if any, discovery regarding Robinson would be permitted. In response to the Minute Order, the parties state the following.

**A.    Plaintiff's Response**

The parties do not agree whether, or to what extent, Robinson is entitled to discovery following consolidation.  Plaintiff believes that, at least at this juncture, it is inappropriate for either the parties or the Court to speculate regarding Robinson's opportunity for discovery.  As an initial matter, Plaintiff points out that consolidation does not negate his right to discovery generally.  Federal courts have repeatedly recognized that consolidation "does not . . . change the rights of the parties." New York v. Microsoft Corp., 209 F. Supp. 2d 132, 147-148 (D.D.C. 2002) (quoting Johnson v. Manhattan Ry., 289 U.S. 479, 496-97, 77 L. Ed. 1331, 53 S. Ct. 721 (1933)).  While "consolidation is not precluded when cases are at different stages of discovery,"

Blasko v. Wash. Metro. Area Transit Auth., 243 F.R.D. 13, 16 (D.D.C. 2007), "[c]onsolidating the cases did not cut off plaintiffs' rights to discovery". Mitchell v. Dutton, 865 F.2d 1268 (6th Cir. Tenn. 1989) (noting that).

It is entirely possible that Plaintiff Robinson will ultimately accede to the current discovery plan as adopted in the Roane litigation. But without access to any of the discovery material, Robinson simply has no way of knowing whether the discovery provided to the Roane Plaintiffs is sufficient to litigate his interests. Because the discovery provided in the Roane case is governed by a protective order, Robinson has never had an opportunity to review the material. Consequently, because Plaintiff will be better situated to evaluate the discovery once the Court consolidates his case with the Roane cases, Plaintiff asks the Court to defer resolution of the issue until such time.

**B.   Defendants' Response**

Defendants understand Plaintiff Robinson's position regarding discovery, notably his inability to provide an indication of what discovery, if any, he will need to advance his case absent review of the discovery from the Roane case. However, as to Plaintiff Robinson's challenge to the lethal injection protocol, Defendants respectfully submit that, in light of Baze v. Rees, 128 S.Ct. 1520 (2008), the focus of inquiry is on the protocol itself, which in the case of the Federal Bureau of Prisons describes the drugs used, the experience requirements of the personnel involved, and the steps involved in administering the injection. Beyond that, discovery, if any, should be severely circumscribed. Indeed, it does not appear that the Supreme Court, in Baze, contemplated that defendants in cases challenging the lethal injection method of

2

execution be subjected to repeated discovery when ultimately <u>Baze</u> already provides a template for reviewing the constitutionality of this method of execution.

As to consolidation, there are procedural reasons arguing against consolidating this case with <u>Roane v. Mukasey</u>, Civil Action No. 05-2337(RWR), at this time. Fact discovery in <u>Roane</u> is complete, and the <u>Roane</u> defendants believe that the case is ready for briefing. Defendants have not filed their answer in <u>Robinson</u>, and it is yet (and understandably) unclear by Robinson as to what discovery, if any, he will need.[1] However, to the extent that consolidation would extend disposition in <u>Roane</u> (because of a period of limited discovery for Robinson), such outcome will not only serve to prejudice defendants but the victims of the crimes for which the <u>Roane</u> plaintiffs are responsible.

Defendants additionally note that they have a pending motion to dismiss and lift the stay in the <u>Roane</u> case, a favorable ruling on which would dispose of that case. The arguments discussed in Defendants' motion to dismiss and lift the stay in <u>Roane</u> may not apply to <u>Robinson</u>. For example, the <u>Roane</u> plaintiffs have exhausted their direct and collateral appeals, and as such, the arguments supporting lifting the stay in <u>Roane</u> may not apply to <u>Robinson</u>. Defendants have also argued that the <u>Roane</u> plaintiffs' claims are also barred on limitations grounds. Again, such an argument may not apply to <u>Robinson</u>.

As such, while there are factors which might favor consolidation (e.g., the overlapping claims), the significantly different stages of litigation of the two cases suggests that a

---

[1] Indisputably, discovery in the <u>Roane</u> case has been contentious. The <u>Roane</u> defendants have had an ample opportunity to take discovery. Discovery in <u>Robinson</u>, if any, should be circumscribed such that it does not serve as a "second bite at the apple" for or second round of discovery in <u>Roane</u>.

3

determination on consolidation should be deferred until after disposition on the pending motions in the Roane case. Indeed, a favorable disposition on the pending motions would moot the consolidation.

Respectfully Submitted,

| | |
|---|---|
| /s/ Craig Anthony Harbaugh /bmr | /s/ Jeffrey A. Taylor /mj |
| _____ | _____ |
| CRAIG ANTHONY HARBAUGH, D.C. Bar #974117 | JEFFREY A. TAYLOR, D.C. BAR #498610 |
| Deputy Federal Public Defender | United States Attorney |
| Office of the Public Defender | |
| Central District of California | |
| 321 East 2nd Street | /s/ Rudolph Contreras |
| Los Angeles, California 90012 | _____ |
| Ph: (213) 894-7865 | RUDOLPH CONTRERAS, DC BAR #434122 |
| E-Mail: craig_harbaugh@fd.org | Assistant United States Attorney |
| | |
| | /s/ Beverly M. Russell |
| | _____ |
| | BEVERLY M. RUSSELL, DC Bar #454257 |
| | Assistant United States Attorney |
| | U.S. Attorney's Office for the |
| |  District of Columbia |
| | 555 4th Street, N.W., Rm. E-4915 |
| | Washington, D.C. 20530 |
| | Ph: (202) 307-0492 |
| | E-Mail: beverly.russell@usdoj.gov |