UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIUS ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY, et al.,<br><br>Defendants. | Civil Action No. 07-02145 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE**

I.  **Introduction**

Lezmond Mitchell ("Mr. Mitchell") is on death row in the U.S. Penitentiary at Terre Haute. His direct appeal of his convictions and sentence were denied less than six years ago. 28 U.S.C. § 2401; *Mitchell v. United States*, 553 U.S. 1094 (June 9, 2008). Mr. Mitchell is in the process of appealing the denial of his § 2255 motion challenging his convictions and sentences. *Mitchell v. United States*, Ninth Circuit Case No. 11-99003. Mr. Mitchell has not exhausted his administrative appeals of the legality of the method of his execution because that process is plainly futile. Mr. Mitchell began the exhaustion process over eight months ago. In that time, the Bureau of Prisons lost Mr. Mitchell's complaint forms and delayed responding to him for periods exceeding three months. Further, the Bureau of Prisons has failed to adequately respond to the issues raised by informing Mr.

4

Mitchell that because the issues raised are of "national policy and procedure, informal resolution can not be accomplished at this level" and classifying his challenges to the lethal injection process as for "informational purposes only." Based on the Bureau's responses and conduct, and the manner in which the administrative remedies process has proceeded for Mr. Robinson and the plaintiffs listed in the related suit of *Roane v. Holder*, Civil Action No. 05-2337-RWR, it is evident that the administrative process is futile.

Mr. Mitchell is effectively in the same position as Mr. Robinson in this action. Unless Mr. Mitchell is granted relief through a judicial proceeding or executive clemency, defendants intend to execute him using the protocol for lethal injection ("Lethal Injection Protocol") that is the subject of this challenge. This motion to intervene as of right, and in the alternative for permissive intervention, is timely because this action has not yet advanced beyond the initial stages of discovery and has been stayed pending the Department of Justice's finalization of a new lethal injection protocol. Furthermore, Mr. Mitchell is not joining this action in a last-minute attempt to stay his execution; on the contrary, his Section 2255 proceedings are still pending. Instead he is moving to intervene at this time because he is approaching the statutory deadline set out in 28 U.S.C. § 2401.

The parties to this action have represented that they do not oppose this motion. As his application to intervene is timely, and Mr. Mitchell meets all of the other requirements for intervention as of right under Federal Rule of Civil

Procedure 24(a)(2) and permissive intervention under Rule 24(b)(1)(B), this Court should grant leave to intervene.

## II. Argument

### A. <u>Intervention as of Right</u>

Under the Federal Rules of Civil Procedure, Mr. Mitchell shall be permitted to intervene in this action as of right if (1) he files a "timely motion", (2) he "claims an interest relating to the property or transaction that is the subject of the action", (3) he "is so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect [that] interest," and (4) the court cannot determine that the "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This is the four-element test for intervention as of right followed in this Circuit. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998). Mr. Mitchell satisfies all four elements for intervention as of right. His application for intervention is timely, as this suit is still in its relatively early stages, he is within the deadline set forth in 28 U.S.C. § 2401, and no execution date has been set. He has a compelling interest in the subject matter of this action – a constitutional and statutory challenge to the method of execution that will be used against him. Disposition of the action without his intervention may impair his ability to protect that interest. If this action proceeds without his intervention, he will lack access to discovery or injunctive relief unless he is able to undertake the burdensome and duplicative step of bringing the same claims in a

6

separate action. A separate action inevitably would lag behind this action and therefore would be significantly influenced if not determined by the outcome of this action. There is no certainty that his interest will be adequately represented by existing parties, as they cannot grant him access to discovery or ensure he receives the relief accorded to existing plaintiffs.

### 1. Mr. Mitchell's Motion to Intervene is Timely

Courts reach the other elements of Rule 24(a) if the application to intervene is timely. *U.S. v. British Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1239 (D.C. Cir. 2006) (citing *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129 (D.C. Cir. 1972)). The D.C. Court held in *Hodgson*:

> [I]t is settled – particularly where intervention is sought as of right – that the amount of time which has elapsed since the litigation began is not in itself the determinative test of timeliness. Rather, the court should also look to the related circumstances, including the purpose for which intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case.

*Id.*, 473 F.2d at 129; *see also NAACP v. New York*, 413 U.S. 345, 366 (1973) (noting that "[t]imeliness [of motion to intervene] is to be determined from all the circumstances"). Taking into account all of the circumstances, Mr. Mitchell's motion is timely. His intervention comes at an appropriate time in this case and the appropriate time in his appeals process.

7

Intervention by Mr. Mitchell at this stage of the litigation will not unduly delay or prejudice adjudication of the rights of the original parties. Mr. Robinson filed his complaint in this case on November 28, 2007. Dkt. No. 1. The government has never filed an Answer. The case was stayed on February 19, 2008 and January 13, 2012 and remains stayed. The related case of *Roane, et. al. v. Holder, et. al.*, Civil Action No. 05-2337-RWR, was likewise stayed and was only in the early stages of discovery when stayed.

Mr. Mitchell's intervention would not raise the discovery burden on any party. His complaint raises the same six claims raised by the existing plaintiff – violation of the Fifth Amendment, violations of the Eighth Amendment through cruel and unusual punishment and through deliberate indifference to his medical needs, and violations of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq,.* ("APA") in adopting the Protocol and by failing to enforce the U.S. drug control law in his execution process. *See* Mitchell Compl., ¶¶52-75. Mr. Mitchell does not raise new or different claims from those brought by Mr. Robinson. The intervention of Mr. Mitchell will not delay this case.

Mr. Mitchell also files this application promptly in accordance with 28 U.S.C. § 2401 and before any execution date has been set. The Supreme Court has suggested this is an appropriate time for challenging a method of execution. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006) (criticizing stay applications that are "last-minute" and "too late in the day"). Unlike Hill, who met with Supreme Court

8

criticism for bringing his challenge weeks after a date had been set for his execution and just weeks before that date arrived, *id.* at 577-78, Mr. Mitchell files this application before even completing his Section 2255 proceedings.

For all of these reasons, the application of Mr. Mitchell is timely, satisfying the first element for intervention of right. Mr. Mitchell files this application at a timely stage in this case and within six years of the conclusion of his direct appeal. Granting the application would not raise the discovery burden on the parties and would not affect the discovery schedule.

### 2.  Mr. Mitchell Has a Strong Interest in the Subject of the Action

Mr. Mitchell satisfies the second requirement for intervention as of right because he has a significant legally protectable interest in the subject of this action. Fed. R. Civ. P. 24(a)(2); *see Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) (plaintiffs who show an interest that is "legally protectable" have the right to intervene under Rule 24(a)(2)); *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (right to intervene is triggered by an interest that is "significantly protectable"). Unless Mr. Mitchell is successfully able to appeal the denial of his § 2255 motion or obtains clemency, a date will be set for his execution and he will be executed using the Lethal Injection Protocol that is challenged by this action. Just like Mr. Robinson, Mr. Mitchell will suffer irreparable violation of his rights under the Eighth Amendment and the APA if he is executed using the Lethal

Injection Protocol and his Fifth Amendment rights will continue to be violated if he is not promptly granted access to adequate information about the Lethal Injection Protocol. The Supreme Court recognized the legal significance of these rights when it permitted a challenge to lethal injection as a method of execution in *Hill*, 547 U.S. 573 (2006), and *Baze v. Rees*, 553 U.S. 35 (2008). Because Mr. Mitchell faces the same prejudice to his constitutional and statutory rights as the existing plaintiffs, he has a significant and protectable interest in this action. *See Mova*, 140 F.3d at 1076.

Intervention by Mr. Mitchell also would promote efficiency, the linchpin of the interest test under Rule 24(a)(2). In this Circuit, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). Permitting Mr. Mitchell to intervene in these circumstances would not lead to additional interventions, and would not invite additional burdensome discovery or claims into this case. Barring his intervention would be less efficient. If Mr. Mitchell cannot intervene in the pending action, then to protect his rights he will be forced to bring his own lawsuit in this Court raising identical claims. Multiplying parallel litigation on the same issues in the same Court would be a far less efficient use of the Court's resources than permitting Mr. Mitchell to intervene in this case.

### 3. Disposition of the Action May Impede Mr. Mitchell's Ability to Protect His Constitutional Rights

Mr. Mitchell satisfies the third element for intervention as of right. Fed. R. Civ. P. 24(a)(2). The test for whether this element is satisfied is not merely whether Mr. Mitchell will be legally bound by the result of this case, but whether as a practical matter the resolution of this case will significantly affect his interests. The D.C. Circuit has concluded that Rule 24(a)(2)

> now specifies only that the 'disposition of the action may as a practical matter impair or impede his ability to protect' the applicant's interest. This alteration is obviously designed to liberalize the right to intervene in federal actions.

*Nuesse*, 385 F.2d at 701. As a practical matter, disposition of this case may impede Mr. Mitchell's ability to protect his constitutional and statutory rights.

If Mr. Mitchell is not permitted to intervene, a date for his execution could be set before he could bring his own case. He would be in the disadvantageous position of not having access to discovery until after a date is set for his execution. This temporal disadvantage may impair or impede his ability to protect his rights in a proceeding compressed to accommodate a scheduled execution date. Forcing Mr. Mitchell to undertake the significant burden of pursuing a separate lethal injection challenge that is substantively the same as the challenge already taking place in this case would further disadvantage him by placing an unnecessarily high litigation burden on him. It would be especially unfair to force him to endure this

burden, which would include discovery, when the instant action may very well determine the outcome of any separate proceeding he may bring in this Court. At a minimum, the instant action likely will determine the shape of any generally-applicable Lethal Injection Protocol found to satisfy applicable law, which would thereafter be used to execute not only the existing plaintiffs, but Mr. Mitchell as well. For these reasons, it is not only possible but likely that disposition of this proceeding would impede Mr. Mitchell's ability to protect his constitutional and statutory rights. *See Mova*, 140 F.3d at 1074, 1076.

### 4. Mr. Mitchell's Interests May Not be Adequately Represented by the Existing Parties

Mr. Mitchell satisfies the fourth element for intervention as of right under Rule 24(a)(2). His interests may not be adequately represented by the existing parties. The wording of Rule 24(a)(2) "underscores ... the need for a liberal application in favor of permitting intervention." *Nuesse*, 385 F.2d at 702. To satisfy this element, Mr. Mitchell "need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). The Supreme Court describes the burden of showing this requirement is met as "minimal". *Trbovich*, 404 U.S. at 538 n.10. Therefore, "unless it is clear that [the existing plaintiffs] will provide adequate representation for the absentee,"

12

intervention of right should be permitted. Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1909 (2d ed. 1986).

Although Mr. Mitchell does not raise claims in addition to those raised by Mr. Robinson, Mr. Mitchell may be in a different position because of the individual facts of his case. For example, Mr. Robinson does not have standing to serve Mr. Mitchell's interests in preventing the setting of a date for his execution using the Lethal Injection Protocol and in obtaining adequate information about that method of execution. The relief Mr. Mitchell seeks is personal to him. Because Mr. Robinson cannot adequately address the individual facts of Mr. Mitchell's case nor provide Mr. Mitchell with the relief he seeks, the existing parties cannot adequately represent Mr. Mitchell's interests. Mr. Mitchell easily satisfies the fourth element for intervention because the risk of inadequate representation of his interests here surpasses the threshold level seen in *Mova*, which is a mere possibility of inadequate representation. *See Mova*, 140 F.3d at 1076 (concluding the existing plaintiff "might have strategic reasons" not to press certain arguments available to the putative intervenor).

For all of these reasons, Mr. Mitchell satisfies all four prongs of the *Mova* test and his application for intervention as of right should be granted under Rule 24(a)(2). 140 F.3d at 1076.

### B. <u>Permissive Intervention</u>

In the alternative, permissive intervention by Mr. Mitchell in this case would be proper. Under Fed. R. Civ. P. 24(b)(1)(B), Mr. Mitchell may be permitted to intervene "[o]n timely motion" provided that his "claim ... shares with the main action a common question of law or fact." In applying Rule 24(b)(1)(B), this Circuit follows a three-element test: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *E.E.O.C. v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). The court has discretion to allow permissive intervention. *See Hodgson*, 473 F.2d at 126 n.36. In exercising this discretion, courts take into account "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). Mr. Mitchell meets the standard for permissive intervention. Mr. Mitchell's application for intervention is timely and his claims and those asserted by the existing plaintiffs share many factual and legal commonalities. His intervention will not delay or prejudice adjudication of the rights of existing parties.

For the same reasons that Mr. Mitchell's application to intervene as of right is timely, his application for permissive intervention would be timely. As explained in Part II.A.1 of this Memorandum, the application comes at a preliminary phase of this action, while discovery is in its early stages, and at the

14

appropriate time in his appeals process. Because Mr. Mitchell raises no additional legal claims, permitting him to intervene would not increase the discovery burden on the parties or delay or prejudice the adjudication of this matter. The first requirement for permissive intervention is satisfied.

Every claim that Mr. Mitchell raises are substantially the same as the claims raised by Mr. Robinson. Mr. Mitchell's Complaint raises claims under the Fifth Amendment, the Eighth Amendment (cruel and unusual punishment and deliberate indifference), and the APA (in adoption of the Protocol and failure to enforce the Controlled Substances Act). With the possible exception of the Controlled Substances Act claim, the Government has conceded the court's subject matter jurisdiction over these claims in the related case of *Roane, et. al., v. Mukasey, et. al.*, Civil Action No. 05-2337-RWR, *see* Def's Mot. to Dismiss, Nov. 9, 2006, at 4.

Permissive intervention also is appropriate because intervention is the most efficient way for Mr. Mitchell to vindicate his Fifth Amendment right to access to information about the Lethal Injection Protocol.

For these reasons, the requirements for permissive intervention also are met.

\\\
\\\
\\\
\\\
\\\

## III. Conclusion

For the above-stated reasons, Lezmond Mitchell moves this Court for leave to intervene as plaintiff as of right pursuant to Fed. R. Civ. P. 24(a)(2). In the alternative, Mr. Mitchell respectfully moves this Court to grant him permission to intervene under Fed. R. Civ. P. 24(b)(1)(B).

Dated: June 6, 2014                    Respectfully submitted,

*/s/ A. J. Kramer*
A. J. KRAMER (D.C. Bar No. 429367)
Email: a._j._kramer@fd.org
Federal Public Defender
Office of the Federal Public Defender
    For the District of Columbia
625 Indiana Ave NW Suite 550
Washington D.C. 20004-2901
Phone: 202 208 7500
Fax: 202 208 7515


SEAN K. KENNEDY
FEDERAL PUBLIC DEFENDER
GIA KIM (CA Bar No. 237326)
Email: gia_kim@fd.org
JONATHAN AMINOFF (CA Bar No. 259290)
Email: jonathan_aminoff@fd.org
Deputy Federal Public Defenders
Office of the Federal Public Defender
    For the Central District of California
321 East Second Street
Los Angeles, CA 90012
Phone: 213 894 2854
Fax: 213 894 0310

Counsel for Plaintiff Lezmond Mitchell

16